UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD CARVELL, ) | |
| ) | Case No. 22-cv-05105 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| AMERICAN EXPRESS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

In response to plaintiff Richard Carvell's complaint alleging violations of the Fair Credit Reporting Act ("FCRA"), defendant American Express National Bank ("American Express")[1] filed a motion to compel arbitration and stay proceedings under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq*. For the following reasons, the Court grants American Express's motion [17].

**Background**

In December 2020, Carvell filed for Chapter 7 Bankruptcy. His petition included debts associated with American Express accounts, which are governed by a Cardmember Agreement. This Agreement includes an arbitration provision which states that either party can elect its right to arbitrate "any current or future claim, dispute or controversy relating to your Account(s), this Agreement, or any agreement or relationship you have or had with us, except for the validity, enforceability and scope of the Arbitration provision." (Dkt. 21-2, 13.) The Agreement explained that "[y]ou may reject the arbitration provision by sending us written notice within 45 days after your first card purchase." (*Id*.) The provision "survive[s] termination of your Account . . . [and] any

---

[1] Defendant maintains it was improperly sued as simply American Express rather than American Express National Bank. As a shorthand, the Court will use "American Express" in this Opinion.

1

Bankruptcy." (*Id.*. at 14.) There is no evidence Carvell invoked his right to reject the provision after he commenced using his American Express card.

In March 2021, Carvell received an order discharging his debts, including for his American Express accounts. Carvell maintains that over a year later, on April 29, 2022, American Express procured his Experian credit report without a permissible purpose. Because Carvell claims this violated the FCRA, he filed suit in federal court. American Express notified Carvell that it was exercising its right to arbitrate his claims, but Carvell did not consent to stay the action pending arbitration. Therefore, American Express filed its motion to compel arbitration before this Court.

**Legal Standard**

Under the FAA, "[a] party aggrieved by the alleged failure . . . of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* at § 2. Courts grant motions to compel arbitration when: (1) there is an enforceable written agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal to arbitrate. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1060 (7th Cir. 2018). Courts adopt a summary judgment analysis when assessing whether these elements exist. *See, e.g., G&G Closed Circuit Events, LLC v. Castillo*, No. 14-CV-02073, 2017 WL 1079241, at *3 (N.D. Ill. Mar. 22, 2017) (Gottschall, J.). The non-moving party must identify specific evidence in the record establishing a genuine dispute of material fact that must be resolved in a trial. *See Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). In determining whether a genuine issue of material fact exists, the Court accepts as true the evidence of the non-movant and draws all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**Discussion**

American Express contends that the arbitration provision constitutes an enforceable agreement to arbitrate, Carvell's dispute arises under the agreement, and Carvell has refused to arbitrate. Carvell only contests the second element: whether this dispute is within the scope of the arbitration provision.

Under the FAA, arbitration provisions are to be rigorously enforced according to their terms, *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233, 133 S. Ct. 2304, 186 L. Ed. 2d 417 (2013), where "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). Nevertheless, Carvell argues that it still must be clear that the parties agreed to arbitrate the at-issue dispute. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) (discussing how parties "cannot be required to submit to arbitration any dispute which [they] [ha]ve not agreed so to submit") (internal citations omitted).

According to Carvell, because it is unclear *why* American Express obtained his credit report, this dispute does not fall within the scope of the arbitration agreement. Carvell emphasizes that he did not have an active account or any ongoing relationship with American Express when American Express requested the report. He argues that American Express had the burden to explain why it pulled the report and how it related to Carvell's former relationship with American Express if it wished to compel arbitration. Indeed, Carvell contends that the past relationship he had with American Express cannot possibly require him to forever arbitrate any claims between himself and American Express. Carvell cites to one New York case in support of this argument, *Wexler v. AT&T Corp.*, 211 F. Supp. 3d 500, 502 (E.D.N.Y. 2016), to argue that arbitration is only permissible if disputes are connected to the underlying agreement. But despite Carvell's efforts, the Court is unconvinced this dispute falls outside the scope of the arbitration provision.

3

Courts should order arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc.* 475 U.S. at 650 (internal citation omitted). The Court finds that the arbitration provision, which covers claims arising from any relationship you "have or had with" American Express, encompasses the present dispute. The agreement contains no provision specifically exempting this dispute from arbitration, nor has the Court seen any evidence indicating that it should be excluded. *See id.* (discussing how without "any express provision excluding a particular grievance . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail") (internal citation omitted). The Agreement explicitly allows American Express to access Carvell's credit reports (Dkt. 21-1, 10.) and the arbitration provision makes clear that it survives account termination and bankruptcy. Carvell's complaint itself alleges conduct connected to his relationship with American Express, including that American Express was notified of his bankruptcy and later requested the report. The Court concludes this is enough to show the dispute falls within the scope of the arbitration agreement, particularly given that courts should resolve any ambiguity in favor of arbitration. *See, e.g., Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1419, 203 L. Ed. 2d 636 (2019). Because the validity of the Agreement is otherwise uncontested, and Carvell has refused to arbitrate, the Court finds it is appropriate to order the parties to arbitrate this dispute.

**Conclusion**

Pursuant to the FAA, this Court orders the parties to arbitrate Carvell's claims. The case is stayed pending arbitration. *See* 9 U.S.C. § 3.

IT IS SO ORDERED.

Date: 8/2/2023            Entered:_____
                           SHARON JOHNSON COLEMAN
                           United States District Judge